IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON KOKINDA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1303 |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | United States District Judge |
| CORRECTIONS, DR. BYUNGHAK | ) | Mark R. Hornak |
| JIN, CHISTOPHER H. OPPMAN, | ) | |
| PRISON HEALTH SERVICES, INC., | ) | |
| PATRICIA STOVER, CORIZON, INC., | ) | United States Magistrate Judge |
| PRISON HEALH SERVICES | ) | Cynthia Reed Eddy |
| CORRECTIONAL CARE, INC., IRMA | ) | |
| VIHLIDAL, MARK DIALESANDRO, | ) | |
| DSCS, SUPERINTENDENT ROBERT | ) | |
| GILMORE, JOHN DOE #1, CHCA, | ) | |
| JANE DOE #1, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**.

This matter is before the Court on *pro se* Plaintiff Jason Kokinda's objections to the September 6, 2016, Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, which recommended that all claims in his complaint, except for the Eighth Amendment claim, be dismissed pre-service pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. (ECF No. 5). The R&R further recommended that Plaintiff be afforded an opportunity to amend his complaint. The R&R sets forth an account of the factual background derived from the allegations of the Complaint, and also recounts previous similar actions brought by Plaintiff arising out of identical events at other Pennsylvania state prisons. Plaintiff was served with the R&R at his listed address and was advised that objections to the

R&R were due fourteen (14) days after service. He timely filed objections to the R&R on September 14, 2016. (ECF Nos. 6).[1]

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *Id.* As noted in the R&R, the Court has a statutory obligation to "screen" the Plaintiff's *pro se, in forma pauperis* complaint in order to assure itself that the complaint asserts one or more claims that can be litigated in this Court. Under 28 U.S.C. §1915(e)(2), the court "shall dismiss the case" if it determines that the action is frivolous or malicious," "fails to state a claim on which relief may be granted,"[2] or "seeks monetary relief against a defendant who is immune from such relief." Upon careful review of the complaint, the R&R, and the objections, the Court concludes that the objections do not undermine the magistrate judge's recommended disposition.

In sum and substance, Plaintiff alleges that while he was in custody at the Pennsylvania state prison SCI-Greene, he was fed a diet that had an unacceptable amount of soy in the food he was served. He says that this led to various deleterious effects on him, including, among other things, exacerbation of his obsessive-compulsive disorder. He wants money damages against each of the Defendants, along with declaratory relief. His Complaint notes that he is no longer in physical custody of the Commonwealth of Pennsylvania.

---

[1] The Court notes that Plaintiff is a registered user of ECF and that he filed these objections electronically. Because Plaintiff's e-mail address is listed on the docket, this Order, as well as all future Orders and notices, will only be served upon Plaintiff electronically, and not through the mail.

[2] When analyzing a *pro se* defendant's failure to state a claim at the § 1915(e)(2) screening stage, "the standard of review is the same as under Fed.R.Civ.P. 12(b)(6)." *Rushing v. Pennsylvania*, 637 Fed. App'x 55, 57 (3d Cir. 2016).

2

Many portions of Plaintiff's objections are entirely without merit. For example, Plaintiff contends that the R&R erred in recommending dismissal of the official capacity claims against the individual Defendants based on Eleventh Amendment immunity. (Obj. at pp. 1-4, ECF No. 6). Plaintiff asserts that it is premature to dismiss the official capacity claims against the DOC employee Defendants because there was a contract between the DOC and Corizon, and thus, those individuals may have been "constructively acting as employees of Corizon, if related to medical claims." (*Id.* at 2). Additionally, Plaintiff complains that the R&R neglected to consider that he is also seeking to hold Corizon liable pursuant to *Monell v. Dept. of Soc. Svcs. of City of N.Y.*, 436 U.S. 658 (1978). According to Plaintiff, his *Monell* claim operates as an exception to Eleventh Amendment immunity. This is simply untrue. Although a state contractor such as Corizon can be found liable under a *Monell* claim, *see Estate of Thomas v. Fayette Cty.*, __ F. Supp.3d __, 2016 WL 3639887, *17 (W.D. Pa. 2017), this does not change the fact that an official capacity claim against a state employee is considered and treated as a claim against the state entity itself, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, as the R&R correctly noted, "those prison official defendants sued in their official capacities are immune from claims for monetary damages and retroactive equitable relief." (R&R at 7, ECF No. 5). Moreover, as a practical matter, because Plaintiff names Corizon and Prison Health Services, Inc. as Defendants in this action with regard to his *Monell* claim, it is unnecessary and duplicative to pursue official capacity claims against any of the individual Defendants, regardless of whether they are state employees or private medical contractors.

Plaintiff is also incorrect in his objections that he has alleged that he is a member of a suspect class. (Obj. at pp. 5-10). He concedes that the R&R correctly stated that neither persons with mental illnesses nor persons with food allergies are suspect classes. (R&R at 8-9) (citing

3

*Lawson v. Wollenhaupt*, 2004 WL 491014, *7 (D. Conn. 2004) (food allergy); *Ismail v. Ford*, 2014 WL 1681993, *5 (C.D. Cal. 2014) (obsessive-compulsive disorder or other psychological or emotional condition); *Carter v. Mich. D.O.C.*, 2013 WL 3270909, *13 (W.D. Mich. 2013) (disabled persons); *Smith v. Fischer*, 2009 WL 632890, *10 n. 29 (N.D. N.Y. 2009) (mentally ill and the mentally handicapped)). Nevertheless, without any legal support, Plaintiff contends that "the combination of: persons suffering from mental illness, with food allergies, whose civil rights are being violated on the basis of them being most vulnerable" constitute a suspect class. Again, this is simply not true. There is no case law supporting the conclusion that, despite not individually comprising a suspect class, the combination of these designations constitutes a suspect class. As such, Plaintiff's objections claiming that he is a member of a protected or suspect class based on a combination of these designations is without merit, and thus, he has not demonstrated that the R&R's recommended disposition as to his claims brought pursuant to 42 U.S.C. §§ 1985(3) and 1986 was improper.[3] *See Griffin v. Breckenridge*, 403 U.S. 88 (1971); *Jackson v. Gordon*, 145 Fed. App'x 774, 776 (3d Cir. 2005).

As to Plaintiff's ADA claim and his equal protection claim under the Fourteenth Amendment, the R&R correctly determined that the complaint failed to allege sufficient facts that the denial of his special diet was discriminatory. (R&R at 10-14). In Plaintiff's objections, he acknowledges that his complaint is deficient in this regard, and seeks to amend his complaint. *See* (Obj. at p. 8). He now claims, for the first time, "that some prisoners without mental illness did receive the No Soy diet." (*Id.*). However, Plaintiff asserts in his objections that other prisoners with food allergies who were on the "mental health" block were denied special diets, and that said denial was "on account of [their] mental illness[es]." (*Id.*). The Court agrees that if

---

[3] It is also worth noting that Plaintiff did not object to the R&R's other basis for dismissing the § 1985(3) claim – failure to sufficiently allege facts pertaining to an agreement or understanding among the Defendants to discriminate against Plaintiff.

4

the complaint is amended to reflect these assertions, the ADA and equal protection claims would be sufficient to withstand this Court's obligatory pre-service screening review.[4] Therefore, Plaintiff will be granted leave to amend his complaint in order to correct said deficiencies outlined in the R&R and this Opinion.

An appropriate Order will issue.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: September 20, 2016

cc: JASON KOKINDA
(served electronically at jkoda@jkoda.org)

---

[4] However, Plaintiff's argument in his objections that the R&R erred when assessing his equal protection claim in failing to apply strict scrutiny – regardless of whether he falls within a protected class – because he was deprived of a fundamental right is without merit. Initially, the Court notes that Plaintiff's complaint contains no allegations referencing a fundamental right. It was therefore not error for the R&R to not discuss allegations that do not exist. Additionally, although being deprived of a special diet may implicate Eighth Amendment concerns, Plaintiff is incorrect that such an Eighth Amendment violation, by itself, necessarily translates into a deprivation of a fundamental right. *See Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 & n. 3 (1976) (collecting examples of recognized fundamental rights). Moreover, even if this were a fundamental right, Plaintiff is not entitled to strict scrutiny review. While a prisoner does not forfeit all constitutional protections by virtue of being incarcerated, *Bell v. Wolfish*, 441 U.S. 520, 545 (1979), he "retains [only] those rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974); *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (en benc). In situations in which the denial of a special diet impacts a prisoner's fundamental right, such as the right to free exercise under the First Amendment, courts only "inquire whether there is a rational connection between the prison's refusal to give [the inmate] his requested diet and a legitimate penological interest." *DeHart v. Horn*, 227 F.3d at 52, 61 (distinguishing between the state depriving an individual of a fundamental right "in the context of society at large," which is governed by strict scrutiny review, and the state treating similarly situated inmates differently with regard to a fundamental right in the context of the prison setting, which is governed by rational basis review). Thus, Plaintiff's adamant contention that he is entitled to strict scrutiny review because he was deprived of a fundamental right is without merit. And because, as discussed above, Plaintiff has not alleged well-pled facts that he is a member of a suspect or quasi-suspect class, to the extent that Plaintiff amends his complaint to reflect that he was discriminated against as a result of his status of being an individual with a mental illness who has a food allergy, this equal protection claim will be assessed under rational basis review, i.e., it will be "presumed to be valid and will be upheld if it is 'rationally related to a legitimate state interest.'" *Tillman v. Lebanon Cty. Corr. Fac.*, 221 F.3d 410, 423 (3d Cir. 2000).

5