# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON KOKINDA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1303 |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | United States District Judge |
| OF CORRECTIONS, DR. | ) | Mark R. Hornak |
| BYUNGHAK JIN, CHISTOPHER H. | ) | |
| OPPMAN, et al. | ) | |
| | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |
| | ) | |

**MEMORANDUM ORDER**

Plaintiff Jason Kokinda, a former prisoner, initiated this *pro se* civil rights action by filing a motion for leave to proceed *in forma pauperis* on August 26, 2016. His Third Amended Complaint was filed on January 7, 2017. (ECF No. 33). On September 5, 2017, the Court granted in part and denied in part various motions to dismiss filed by the defendants (ECF No. 58), and thereafter, Defendants filed their Answers (ECF Nos. 59, 63).

Presently pending are two Motions to Strike the Answers to the Third Amended Complaint and incorporated affirmative defenses (ECF Nos. 68, 69) pursuant to Fed. R. Civ. P. 12(f) to which the Defendants have responded (ECF Nos. 71, 73). Plaintiff has also filed a reply (ECF No. 74).

Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule permits the Court to act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed,

1

within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). The Third Circuit has instructed that a district court "should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). "An affirmative defense is insufficient if 'it is not recognized as a defense to the cause of action.'" *F.T.C. v. Hope Now Modifications, LLC*, No. 09–1204, 2011 WL 883202, *2 (D. N.J. Mar. 10, 2011) (*citing Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D. N.J. 1993)); *see also Signature Bank v. Check–X–Change, LLC,* No. 12–2802, 2013 WL 3286154, at *2 (D. N.J. June 27, 2013). In deciding the present motion, the Court must also bear in mind that generally, "motions to strike under Rule 12(f) are highly disfavored." *Hope Now*, 2011 WL 883202, at *1 (*citing Garlanger v. Verbeke*, 223 F.Supp.2d 596, 609 (D. N.J. 2002)) ("Because of the drastic nature of the remedy, ... motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'") (*citing Tonka*, 836 F. Supp. at 218.)

However, "'even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.'" *Hope Now,* 2011 WL 883202, at *1 (*citing Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353, 359 (D. Del. 2009)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1381 (3d ed. 2004) (explaining that "even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.") Finally, the Court's determination on a "motion to strike under Rule 12(f) is discretionary." *Hope Now*, 2011 WL 883202, at *1; *see also Signature Bank*, 2013 WL 3286154, at *2 (observing that "'a court possesses considerable

discretion in disposing of a motion to strike under Rule 12(f).'") (*citing Tonka*, 836 F. Supp. at 218).

Plaintiff has not set forth a sufficient argument which would warrant striking the affirmative defenses at this early juncture. The parties have not yet conducted discovery and the factual record has yet to be developed, and any possible insufficiency of the defenses is not clearly apparent. Accordingly, his Motions to Strike Answers (ECF Nos. 68, 69) will be denied.


Dated: October 24, 2017                                                                 s/ Cynthia Reed Eddy
                                                                                        Cynthia Reed Eddy
                                                                                        United States Magistrate Judge



cc:     all registered users of CM-ECF