# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON KOKINDA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1303 |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | United States District Judge |
| OF CORRECTIONS, DR. | ) | Mark R. Hornak |
| BYUNGHAK JIN, CHISTOPHER H. | ) | |
| OPPMAN, et al. | ) | |
| | ) | United States Magistrate Judge |
| Defendants. | ) | Cynthia Reed Eddy |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Kokinda, a former prisoner, initiated this *pro se* civil rights action by filing a motion for leave to proceed *in forma pauperis* on August 26, 2016. His Third Amended Complaint was filed on January 7, 2017. (ECF No. 33). Plaintiff alleges that in 2014, while incarcerated at SCI-Green, he suffered a soy allergy; Defendants contend that he had a soy intolerance. Remaining claims are an Eighth Amendment denial of medical care claim and a Fourteenth Amendment equal protection claim against Dr. Byunghak Jin, and a claim under Title II of the Americans with Disabilities Act (ADA) against the Pennsylvania Department of Corrections and individuals employed there. (collectively, "DOC").

Presently pending is a Motion to Compel (ECF No. 93), to which the Defendants have responded (ECF Nos. 96, 97, 113). Plaintiff has also filed a reply and supplements (ECF Nos. 100, 101, 114). Plaintiff claims defendants have provided insufficient and evasive discovery responses and are deserving of sanctions. For the following reasons, the motion is denied.

## I. Procedural History

On September 5, 2017, the Court granted in part and denied in part various motions to dismiss filed by the defendants (ECF No. 58), and Defendants filed their answers on September 15, 2017 (ECF No. 59) and September 19, 2017 (ECF No. 63). On October 6, 2017, the Court entered a Case Management Order which, inter alia, ordered that:

> no later than **November 6, 2017,** to the extent not otherwise provided, Defendants shall provide Plaintiff with the following:
>
> (1) all incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports, appeals, or other similar documents in its possession concerning the alleged incident or incidents, and
>
> (2) all records concerning the alleged incident or incidents.
>
> Defendants are ordered to file a notice with this Court stating that this Order has been complied with on or before **November 6, 2017**.

(ECF No. 67 at 1). We further ordered that Plaintiff may not submit requests for discovery directly to the Defendants without leave of Court. (ECF No. 67 at 1-2).

On October 18, 2017, Defendant Jin, Plaintiff's treating physician at SCI-Green, filed said notice (ECF No. 72), and on October 24, 2017 Defendant Pennsylvania Department of Corrections filed its notice (ECF No. 75), both parties certifying that all relevant documents were provided to Plaintiff via U.S. Mail. Thereafter, the Plaintiff's filed a Motion for Discovery (ECF No. 79), and Defendant DOC indicated in its Response that "Defendant Department of Corrections does not object to Plaintiff's Motion but reserve the right to object to any objectionable request contained within it." (ECF No. 81). The Court then granted the Motion for Discovery. (ECF No. 82). Our Amended Case Management Order dated November 29, 2017 extended the discovery deadline to February 2, 2018 and ordered that motions for summary

judgment be filed by February 23, 2018. (ECF No. 85). Defendants filed their motions for summary judgment on February 21 and 23, 2018. (ECF No. 103, 110).

In his Motion to Compel Plaintiff states the Defendants failed to answer plaintiff's discovery requests, provided boilerplate responses and evasive and argumentative answers; he seeks sanctions as a result. (Doc. 93).

**II.     Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions. The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b) (1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

This scope formerly included matters that were "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended no longer includes this language. A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." See Fed. R. Evid. 401.

It has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir.1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also

rest in the sound discretion of the Court. *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 90 (3d Cir.1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir.1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.,* 203 F.R.D. 195, 196 (E.D. Pa. 2001). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

While this Court grants *pro se* plaintiffs leniency when considering their filings, such plaintiffs are nevertheless expected to "'follow the rules of procedure and the substantive law.'" *Perkins v. Delaware DHSS/DSSC,* Civ. Action No. 12–50–SLR–CJB, 2012 WL 4482801, at *6 (D. Del. Sept. 27, 2012) (quoting *Thompson v. Target Stores,* 501 F.Supp.2d 601, 603 (D. Del. 2007)).

In addition to these guiding principles, it is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. *See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen*

4

*Pharmaceuticals, Inc..*, No. 08–5904, 2010 WL 5186088 (E.D. Pa. Dec.21, 2010); *Knauss v. Shannon*, No. 08–1698, 2009 WL 975251 (M.D. Pa. April 9, 2009)

**III.	Discussion**

With these legal guideposts in mind, we turn to consideration of Plaintiff's motion. The Motion to Compel concerns: 1) two separate Requests for Admission propounded as to Defendant DOC and Defendant Jin; 2) two separate sets of Interrogatories as to these same defendants; and 3) two Requests for Production of Documents. (ECF No. 93-2, and 93-3). The Court has reviewed the Defendants' Objections to the Requests for Admissions, Interrogatories and Request for Production as well as positions of the parties and has concluded that the motion to compel should be denied.

Initially we will address Plaintiff's argument that Defendants should have objected to his discovery requests before we granted his Motion to Serve Discovery, and on that basis, Plaintiff requests a ruling that all of the objections have been waived. To the contrary, it was acceptable for Defendants to object to the discovery after they were served with such. Objections to discovery cannot be propounded before the discovery is served, and Defendants reserved the right to so object when they filed their Response to Plaintiff's Motion to Serve Discovery. Nothing was waived and therefore will not be deemed admitted.

Next, the court sustains each of Defendants' objections. Defendants have either answered the requests, provided relevant documents, explained that they had no personal knowledge of the information sought, and explained that they are not required to provide answers to requests seeking legal conclusions. If they have not answered the request, we find that they have otherwise appropriately objected to the discovery sought.

Although we will not address each and every discovery request, we specifically note that Defendants have correctly objected to interrogatories posed in which Plaintiff asks them to set forth facts relied on to support various defenses or legal standards, such as deliberate indifference, cruel and unusual punishment, or qualified immunity. See, e.g., Defendant DOC's Response to Interrogatories Nos. 4-8 (ECF No. 93-2 at 23-5.) It was also appropriate for the DOC to object to Interrogatories and requests for admission in which Plaintiff sought information about actions taken by Dr. Jin, who was not a DOC employee. In addition, any requests for information concerning Plaintiff's incarceration at SCI-Fayette (the subject of a separate lawsuit brought by this same Plaintiff at C.A. 15-1593) is not relevant to this lawsuit which concerns Plaintiff's incarceration at FCI-Greene.

Defendant DOC has provided Plaintiff with documents that include menus and nutritional information of the meals offered at SCI-Greene as well as answered interrogatory and request for admission concerning soy content of those foods. We will sustain the objection to the request for commissary records on the grounds that it is overly burdensome and not proportional to the needs of the case. Plaintiff has been released from prison, the receipts are no longer in his file but rather, are stored in an unorganized fashion in a warehouse. The DOC has provided evidence concerning meals offered. As to Plaintiff's argument that DOC should have preserved these records in some electronic format because they were "on notice" of such allegations arising in *Kokinda v. Jin et al.* C.A. 15-179, filed while Plaintiff was still incarcerated, we note that Defendants were never served in that case because Plaintiff failed to pay the filing fee and the case was accordingly closed.

As to Defendant Jin, we overrule Plaintiff's objection to his directing plaintiff to his medical records in answering interrogatories. Such a response is well within Fed. R. Civ. P.

33(d). In addition, we sustain Defendant Jin's objection to requests for production of documents which were not in his possession but rather in the possession of co-defendant DOC.

We will decline to impose monetary sanctions on Defendants or their counsel as there are no grounds for such remedy. For these reasons, the Motion to Compel is denied.

Finally, we note that Plaintiff alleges that Defendant's herein "failed to murder" him, (ECF No. 100 at 18), and are "compulsive liars." (ECF No. 114 at 1). Plaintiff is again advised that any such subsequent filings in this Court, with regard to any case pending before it, containing such improper attacks and misleading allegations may be subject to the harshest of sanctions, including possible dismissal of his action. *In re: Prudential Ins. Co. America Sales Practice Litig. Agent Actions,* 278 F.3d 175, 189 (3d Cir.2002) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)) (Rule 11 of the Federal Rules of Civil Procedure allows sanctions to be imposed against a party through the Court's inherent power and its own initiative. Circumstances that may justify sanctions pursuant to a court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...."); *see, Rivera v. Pennsylvania Dept. of Corr.,* C.A. No. 09–1604, 2010 WL 4318584 (W.D. Pa. Oct.26, 2010) (deliberate attempts to mislead this Court exposes prisoner plaintiff to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to pro se litigants as well as to attorneys).

AND NOW, to-wit, this 5th day of March, 2018, it is hereby ORDERED, ADJUDGED

and DECEED that Plaintiff's Motion to Compel (ECF No. 93) is DENIED.  IT IS FURTHER ORDERED THAT all deadlines set forth in our Amended Case Management Order (ECF No. 85) remain in full force and effect.

Dated: March 5, 2018                              s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge


cc:     all registered users of CM-ECF